**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gertrude Shiver, Employee, Appellant,

v.

Palmetto Health Richland, Employer, Palmetto Health Trust, Carrier, Respondents.

Appellate Case No. 2015-002486

———————————

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-079
Submitted December 1, 2016 – Filed February 15, 2017

———————————

**AFFIRMED**

———————————

Gertrude Shiver, of Gadsden, pro se.

F. Earl Ellis, Jr., Kirby Darr Shealy, III, and Lyndey Ritz Zwingelberg, all of Adams and Reese LLP, of Columbia, for Respondents.

———————————

**PER CURIAM:** Gertrude Shiver appeals the circuit court's order, which affirmed the decision of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel). On appeal, Shiver argues the circuit court erred in affirming

the Appellate Panel's decision not to impose sanctions on Palmetto Health Richland and Palmetto Health Trust (collectively, Palmetto Health) for (1) withholding temporary total disability benefits and (2) failing to pay authorized medical bills and treatment. We affirm.[1]

1. We find the circuit court did not err in affirming the Appellate Panel's decision not to impose sanctions on Palmetto Health for withholding temporary total disability benefits. "[T]his [c]ourt's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law." *Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005). Shiver correctly asserts that subsection 42-9-260(G) imposes sanctions when an employer fails to comply with section 42-9-260. *See* S.C. Code Ann. § 42-9-260(G) (2015) ("Failure to comply with this section shall result in a twenty-five percent penalty imposed upon the carrier or employer computed on the amount of benefits withheld in violation of this section . . . ."). Palmetto Health did not immediately begin paying temporary total disability benefits because the injury was not admitted; however, the plain language of the statute indicates an employer is not required to immediately begin paying benefits when an employee is injured. *See* S.C. Code Ann. § 42-9-260(A) ("When an employee has been out of work due to a reported work-related injury or occupational disease for eight days, an employer *may* start temporary disability payments immediately . . . ." (emphasis added)); *Bass*, 365 S.C. at 470, 617 S.E.2d at 377 ("The legislature's intent should be ascertained primarily from the plain language of the statute."). At the 2007 hearing, Palmetto Health did not contest the payment of temporary total disability benefits. Although there was a delay in Palmetto Health's payment, Palmetto Health ultimately paid Shiver temporary total disability benefits in 2014. The circuit court reasoned, and we agree, the delay resulted from the appeal of the single commissioner's 2007 order and the related confusion as to whether the appeal stayed the payment of benefits. Further, as the circuit court noted, the 2007 order did not explicitly require Palmetto Health to pay benefits. Because Shiver failed to show Palmetto Health did not comply with section 42-9-260, we affirm the circuit court's order affirming the Appellate Panel's decision that sanctions were not warranted.

2. We find Shiver's argument that the circuit court erred in affirming the Appellate Panel's decision not to impose sanctions on Palmetto Health for not paying authorized medical bills and treatment is unpreserved. *See Wigfall v. Tideland*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*Utils.*, 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) (finding an issue unpreserved when the circuit court did not rule on the issue and appellant did not file a Rule 59(e) motion).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**